IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA KREISHER,

        Plaintiff,                      No. CIV S-09-1725 EFB

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                <u>ORDER</u>

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits under Title II of the Social Security Act. For the reasons discussed below, the court remands the case for further proceedings consistent with this opinion.

I. <u>BACKGROUND</u>

      Plaintiff filed an application for disability benefits on September 24, 2003, alleging a disability onset date of April 13, 2002. Administrative Record ("AR") 242. Her application was denied initially and upon reconsideration. *Id.* at 207-08. Three hearings were held on July 18, 2006, August 24, 2006, and November 28, 2006 before Administrative Law Judge ("ALJ") Peter F. Belli. *Id.* at 76, 109, 120. In a decision dated March 8, 2007, the ALJ determined plaintiff

////

1

was not disabled.[1] *Id.* at 6-19. On August 12, 2007, the Appeals council remanded the case, ordering the ALJ to "give further consideration to the treating and examining source opinions . . . and explain the weight given to such opinion evidence," "give further consideration to the claimant's maximum residual functional capacity and provide appropriate limitations," and, "if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." *Id.* at 210-11.

On remand, the same ALJ held two additional hearings on January 10, 2008 and May 15, 2008. *Id.* at 153, 162. Plaintiff was represented at the hearings by attorney Richard Smolich. *Id.*

////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

A vocational expert and a medical expert testified. *Id.* at 24. On September 17, 2008, the ALJ issued an opinion finding that plaintiff was not disabled. The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since April 13, 2002, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*)
>
> 3. The claimant has the following severe impairments: status post-lumbar diskectomy, lumbar degenerative disk disease, carpal tunnel syndrome, and depression (20 CFR 404.1520(c)).
> ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
> ...
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has a residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift, carry, push, and pull 5 pounds frequently and 10 pounds occasionally, sit for 8 of 8 hours with normal breaks, sit or stand at will, stand and walk for 2 out of 8 hours with no prolonged walking, no climbing or ladders or scaffolds, occasional crouching, crawling, and kneeling, and she is moderately limited in understanding, remembering, and carrying out detailed instructions, responding appropriately to work pressures and changes in routine work settings, and slightly limited in understanding, remembering, and carrying out short and simple instructions, making judgments on simple and detailed work-related decisions, and interacting appropriately with coworkers, supervisors, and the public.
> ...
>
> 6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565).
> ...
>
> 7. The claimant was born on January 18, 1967 and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

3

>9. The claimant does not have acquired job skills from past relevant work which are transferable to a significant number of jobs (20 CFR 404.1568).
>...
>10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1560(c), 404.1566 and 404.1568(d)).[2]
>...
>11. The claimant has not been under a disability, as defined in the Social Security Act, from April 13, 2002 through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 24-33.

Plaintiff requested that the Appeals Council review the ALJ's decision. However, on April 23, 2009, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. *Id.* at 8-10.

This appeal followed. Plaintiff contends that the ALJ erred in rejecting the opinions of the plaintiff's treating physicians without a legitimate basis for doing so, and failed to properly assess plaintiff's residual functional capacity (RFC) and credit the testimony of the vocational expert in response to a hypothetical which accurately reflected plaintiffs's limitations. Dckt. No. 24.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

////

---

[2] It appears that paragraph 10 is inaccurate insofar as it contradicts paragraph 9 regarding the transferability of job skills.

4

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff contends that the ALJ erred in rejecting the opinions of the plaintiff's treating physicians without a legitimate basis for doing so. Notably, plaintiff argues that the ALJ did not acknowledge or discuss the opinions of plaintiff's treating neurologist, Dr. Hsia.

The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b). Treating physician's opinions are entitled to more weight than the opinions of other physicians. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1987). An ALJ may reject a treating or examining physician's uncontradicted medical opinion but may do so only when based on "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995). Where such an opinion is contradicted, however, it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).

////

5

1     Dr. Hsia was plaintiff's treating neurologist in 2007. She diagnosed plaintiff with the
2 following impairments: demyelinating disease of the central nervous system, with secondary
3 diagnoses of lumbosacral radiculitis, disorder of muscle ligament and fascia, Cauda equina
4 syndrome with a neurogenic bladder, and migraines. AR 766. She opined that plaintiff could lift
5 less than ten pounds; stand or walk for less than one hour in an eight-hour work day, and no
6 more than 20 minutes without interruption; sit for less than four hours in an eight-hour workday,
7 and no more than 20 minutes without interruption; and was moderately limited in her upper and
8 lower extremities. *Id.* at 767. Dr. Hsia stated that plaintiff had abnormal MRIs, failed back
9 syndrome, central neurogenic conduction delays in her cervical cord and brain, and
10 hypocortisolism. Dr. Hsia opined that plaintiff should never climb, balance, stoop, kneel, crouch
11 or crawl, as she had sensory ataxia, pain in her low back, weakness in her legs, and severe
12 neurogenic bowel and bladder with fecal and urinary incontinence. *Id.* at 768. She also opined
13 that plaintiff had manipulative limitations and communicative limitations due to her memory and
14 word finding deficits. *Id.* at 770. Overall, Dr. Hsia opined that plaintiff would miss 20-25 days
15 of work a month due to her extremely poor mental and physical endurance. One of Dr. Hsia's
16 chart notes stated that plaintiff was "possibly 100% disabled from gainful employment." *Id.* at
17 772.

18     The ALJ did not discuss any of these opinions. The ALJ's opinion only mentions Dr.
19 Hsia in passing in discussing plaintiff's ability to drive, quoting a treatment record where
20 plaintiff complained of upper and lower extremity numbness and involuntary movements in her
21 arms and legs. *Id.* at 30. The section of the opinion discussing "medical source statements from
22 the treating and examining sources" does not mention Dr. Hsia or any of her findings. *See id.* at
23 30-31. The ALJ gave no reasons for rejecting Dr. Hsia's opinions, let alone the "specific and
24 legitimate reasons . . . supported by substantial evidence in the record," required by the Ninth
25 Circuit.
26 ////

6

Defendant argues that although the ALJ "did not specifically accept or reject Dr. Hsia's opinion, that omission does not necessitate reversal or remand." Dckt. No. 28 at 9. Defendant states that the ALJ "implicitly rejected" the parts of Dr. Hsia's opinion that conflicted with other physicians' opinions and the ALJ's RFC finding. Defendant makes much of the contrary opinions of other physicians, implying that the ALJ need not explain his reasons for rejecting Dr. Hsia's opinions as they are contradicted. But such an implicit rejection flies in the face of the well-established law of this circuit. *See Lester*, 81 F.3d at 830-31 (a treating physician's opinion that is contradicted may be rejected only for "specific and legitimate reasons that are supported by substantial evidence in the record"); *Magallanes*, 881 F.2d at 751 ("The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."). The ALJ decision here fails to do this.

As the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Hsia's opinions, the case must be remanded for further proceedings. The court does not reach the remainder of plaintiff's arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g);

4. The case shall be assigned to a different ALJ for proceedings on remand who shall carefully and independently weigh all of the evidence in the record in accordance with Ninth Circuit law when assessing plaintiff's RFC; and

////

////

////

4. The Clerk is directed to enter judgment for plaintiff.

DATED: March 8, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8